# ANNIE K. FARDEN AND APAKI MANUWAI v. WILFRED KELELANI RICHARDSON AND HELEN PELE SHAW.

## No. 1266.

APPEAL FROM CIRCUIT JUDGE SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

SUBMITTED SEPTEMBER 20, 1920.          DECIDED SEPTEMBER 28, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE BANKS IN PLACE OF KEMP, J., ABSENT.

PARTIES—*plaintiffs must have and show interest in controversy.*

It is elementary that a person appearing as plaintiff must have and show an existing remedial interest in the cause of action.

OPINION OF THE COURT BY COKE, C. J.

Suit was instituted by the complainants-appellees Annie K. Farden and Apaki Manuwai against the respondents-appellants Wilfred K. Richardson and Helen Pele Shaw to cancel two certain deeds made by Hale-pouli Shaw in favor of the respondents and conveying to them certain real property situated in the district of Lahaina, Island of Maui. In one of the deeds Annie K. Farden is named as the grantee of a portion of the property owned by Mrs. Shaw. It appears from the record that Mrs. Shaw died on the first day of March 1916 and that a day or two prior to her death she executed the deeds in question. These deeds are attacked by the complainants upon the ground that at the time of the execution thereof Mrs. Shaw did not possess sufficient mental capacity to execute them. The record also discloses that Annie K. Farden is a niece of Mrs. Shaw and that Wilfred K. Richardson and Helen Pele Shaw are

children whom she reared from their infancy. Wilfred K. Richardson has now reached legal age while Helen Pele Shaw is still a minor. At the conclusion of the hearing the circuit judge granted the prayer of the bill of complaint and decreed a cancellation of the deeds. From that decree the respondents have perfected an appeal to this court.

It may be said at the outset that the evidence in support of the allegation in the bill of complaint to the effect that Mrs. Shaw did not possess sufficient mental capacity to comprehend the effect of her acts when she executed the deeds in question is extremely weak and unsatisfactory. But aside from that question the decree of the court below cannot be sustained for the reason that the complainants have failed utterly to show that they or either of them have any interest in the subject-matter of the suit except that it appears in the record that Mrs. Farden is named as a grantee in one of the deeds which she together with the other complainant now seeks to nullify. It is of record that Mrs. Farden is a daughter of a deceased sister of Mrs. Shaw, and while the record indicates that Mrs. Shaw died without surviving issue there is no evidence therein showing or tending to show that her husband and father and mother are not still living. If they are living or if her father and mother or either of them are living Mrs. Farden, a niece, would not inherit any part of the property of the deceased and would have no interest in her estate and the decree rendered herein would be detrimental rather than beneficial to her.

Regarding the other complainant, Apaki Manuwai, it is to be observed that there was not the slightest attempt to show that he has even the remotest interest in the property involved in the suit. It is elementary that a person appearing as plaintiff must have and show an existing remedial interest in the cause of action. The

complainants neglected to observe this universal rule and it follows that the evidence is insufficient to support a decree in their favor. In the present state of the record the' decree appears to be adverse to the interests of Mrs. Farden while Manuwai is an entire stranger to the controversy.

The decree appealed from is reversed and the cause is remanded to the court below for further proceedings consistent with this opinion.

*Eugene Murphy* for complainants.

*E. R. Bevins* for respondents.